United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR VALENCIA,

          Petitioner,

v.

ALBERTO R. GONZALES, et al.,

          Respondents.

NO. C03-5390 TEH

ORDER TRANSFERRING CASE

In this case, Petitioner Victor Valencia seeks a writ of habeas corpus, under 28 U.S.C. § 2241, based on his deportation to Peru. Valencia never sought a stay of removal in this Court, but the parties did stipulate to stay proceedings in this case until after the Ninth Circuit decided a related appeal, *Valencia v. Ashcroft*, Case No. 03-72028. The Ninth Circuit issued an opinion in that related case on May 12, 2005. *Valencia v. Gonzales*, 406 F.3d 1154 (9th Cir. 2005).[1]

On May 17, 2005, counsel for Respondents filed a notice of change in law, arguing that this case must be transferred to the Ninth Circuit pursuant to the recently passed REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, §§ 106(a), (c), 119 Stat. 231 (2005). Section 106(c) of the Act provides that:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of

---

[1] In that case, as in this one, Alberto R. Gonzales was substituted for his predecessor, John Ashcroft, as Attorney General of the United States. Fed. R. App. P. 43(c)(2); Fed. R. Civ. P. 25(d)(1) (providing for substitution of parties when a public officer is a party to an action in his or her official capacity and, during the pendency of that action, ceases to hold office).

1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

*Id.* § 106(c).

When the Court received Respondents' notice of change in law, it ordered the parties to meet and confer regarding the propriety of transfer.  On June 17, 2005, the parties notified the Court that Valencia did not agree with Respondents' position that the case should be transferred, and the parties stipulated that Valencia would file his opposition to transfer on or before July 8, 2005, and that Respondents' reply would be filed on or before July 22, 2005. However, Valencia failed to file any opposition or otherwise make any contact with the Court. On July 21, 2005, Respondents requested the Court to construe Valencia's lack of opposition as an acknowledgment that transfer of this case to the Ninth Circuit is required under the REAL ID Act.

Upon review, the Court agrees with Respondents that the requirements for transfer appear to have been met in this case.  In light of the lack of opposition by Valencia after his having had a full opportunity to do so – and on a briefing schedule set by stipulation of the parties, no less – this Court finds good cause to grant Respondents' request for transfer. Accordingly, IT IS HEREBY ORDERED that this action is, in its entirety, transferred to the United States Court of Appeals for the Ninth Circuit, where it shall be treated as a petition for review, pursuant to section 106(c) of the REAL ID Act of 2005.

**IT IS SO ORDERED.**

DATED   08/04/05                                /s/
                                THELTON E. HENDERSON, JUDGE
                                UNITED STATES DISTRICT COURT